October 19, 2015

Valentin Moreno, jr.
788216, Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

Re: "Ex parte Valentin Moreno, Jr.,"
    Writ No. 49,474-05
    Cause No. CR-0517-96-F



MOTION DISMISSED
DATE: 4-10-16
BY: PC

Dear Mr. Acosta:

Enclosed you will find the original copies, of Applicant's Motion for Re-Consideration of motion for Remand for an Evidentiary Hearing, and Applicant's Second Request for Judicial Notice. All to be filed in the above referenced writ, and brought to the attention of the Court, as time permits.

Also enclosed, you will find a self-addressed envelope with postage pre-paid. Can you please, send me a stampted filed copy of this cover letter, for my records.

Thank you for your time, attention and assistance.

Respectfully,

Valentin Moreno Jr.

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 23 2015
Abel Acosta, Clerk

cc:file, HCDA

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| Ex parte | § | |
| Valentin Moreno, Jr. | § | WRIT No. 49,474-05 |
| Applicant | § | |

## APPLICANT'S SECOND REQUEST
## FOR JUDICIAL NOTICE

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Valentin Moreno, Jr., "Applicant", Pro Se and respectfully files Applicant's Second Request for Judicial Notice, in the above referenced cause. As good cause for the foregoing, Applicant would show the following:

### I.

The foregoing pleading, concerning an applicantion for writ of habeas corpus that is currently before this Honorable Court. Said Court, posses exclusive habeas corpus jursidiction over the parties and all subject-matter(s), therein, pursuant to Chapter 11 in the Code of Criminal Procedure Ann. (vernon 2015).

### II.

(A)> Applicant filed a successive Habeas Corpus Application on June 15, 2015, challenging his conviction, for Capital Murder, pursuant to 'new' Article 11.073, Ex parte Robbinns, 2014 Tex. Crim. App. LEXIS 1900 (TCCA 2014), and 'actual innocence'; Ex Parte Brooks, 205 S.W.3d 538 (TCCA 2006); (citing, Schlup v. Delo, 513 U.S. 298 (1995).

(B)> The attorney repersenting the State, filed the State's Original Answer, on July 8, 2015.

(C)> The trial court, adopted the State's Proposed "Findings of Fact, Conclusions of Law, Recommendation and Order", on July 20, 2015.

(D)> Said application was presented to this Honorable Court, on September 2, 2015.

Page 1.

## III.

Through the foregoing, Applicant sincerely pleads for "mercy". The Applicant is not skilled in the law, thus, pleads for a less strict standard of review. The Applicant would respectfully ask this Honorable Court, to take Judicial Notice, that prior to preparing and filing the current writ of habeas corpus, first the Applicant petitioned the trial court for the assistance of counsel. The essence behind Applicant's request for assistance of counsel, was so that the new scientific evidence Applicant had discovered and obtained, be adequately construed, drafted and argued in a successive writ.

The Applicant did not and still does not, grasp habeas corpus litigation. Especially, successive habeas litigation, involving "new" law; Article 11.073 C. Cr. P. On January 6, 2015, Applicant filed his motion, therein, he informed the trial court, of the scientific evidence he had discovered and obtained and pleaded for the assistance of counsel. Additionally, in said motion, Applicant requested a phone-conference hearing, to further support his request for counsel. However, no phone-conference hearing was held and on April 2, 2015, the trial court Judge Mario E. Ramirez, Jr., denied the motion for counsel. See; Appendix - A (attached hereto.).

Applicant pleads for mercy, in the sense, that if he did not present a certain issue, argument and/or claim, in the proper manner, that he be given the opportunity to correct such.

## IV.

The essence of Applicant's habeas claims, are supported with credible scientific data and the sworn affidavit of Dr. James Aldridge. The entire scientific spectrum, therein, surrounds the science on the human memory and eyewitness identifications. Applicant respectfully asks this Honorable Court, to take Judicial Notice, of the the 'unanimous' decision by the New Jeresy Supreme Court in (Hernderson v. State

208 N.J. 208). In this case, there was a unique evidentiary hearing, where numerous forensic psychologists testified, concering the "malleability of the human memory", "how 'Post-Event Information' can influence and contaminate the memory", and "mistaken eyewitness identification being responsible for 75 percent of wrongful concitions". The overwhelming scientific testimony in this case, goes to the essence of Applicant's scientific related arguments and contitutional claims.

In part, the unanimous New Jersey Supreme Court decision, created certain laws and mandates, concerning the court's jury charge, in cases involving eyewitness identifications. Because such issues, as those in this New Jersey case, have not been considered and decided in Texas, and are present in Applicant's case. The Applicant respectfully, asks this Honorable Court to take Judicial Notice, of this New jersey case. The opinion is said case, can be found as Applicant's Exhibit A.1, attached to his Memorandum in Support of his Applicant for Writ of Habeas Corpus.

In Applicant's case, the conviction is based on three eyewitness identifications, given by (Raul Guerrero, Yvonne Gonzalez and Beatrice Trevino), and the scientific testimony of eyewitness identification expert (Dr. A.J. Alamia). Yvonne Gonzalez recanted her identification of applicant last year, and now claims she believes he is innocent. Additionally, a ballistics expert last year, determined her trial testimony was false. Also last year, a forensic optometry expert, determined that Gonzalez' identification of applicant's "eyes" only, was blatantly invalid. Witness Beatrice Trevino recanted and admitted to mistakenly identifying applicant days after his trial. Additionally, there is scientific evidence that Trevino's in-court-identification had been influenced and tainted by unduly suggestive post event information. And, Dr. A.J. Alamia's scientific testimony, that "the human memory functions like a camera in traumatic event. Has now been determined to have been misleading and incorrect. Junk science....."

In a nutsell, 75 percent of the evidence presented by the State at trial, and

used to obtain the primary conviction, has been shown to have been misleading and false.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully prays that this Honorable Court, accepts the foregoing and take Judicial Notice of the issues presented herein.

signed on this _14th_ day of _October_ , 2015.

Respectfully Submitted,

_Valentin Moreno Jr._

Valentin Moreno, Jr.,
Applicant, Pro Se
788216, Robertson Unit
12071 FM. 3522
Abilene, Texas 70601

## VI.
## VERIFICATION

I, Valentin Moreno, Jr., hereby declare under the penalty of perjury, that the contents in the foregoing pleading are true and correct.

Signed on this *19th* day of *October*, 2015.

_____
Valentin Moreno, Jr.,
Applicant, Pro Se


## VII.
## CERTIFICATE OF SERVICE

I, Valentin Moreno, Jr., hereby certify that the original copy of Applicant's Second Request for Judicial Notice, was sent to the Clerk of the Court of Criminal Appeals, via U.S. 1st Class Mail. And, that notice of the same, was given to the aatorney representing the State.

done on this *19th* day of *October*, 2015.

_____
Valentin Moreno, Jr.

Page 5.

APPENDIX - A

EX PARTE § IN THE 332ND

VALENTIN MORENO, JR. § DISTRICT COURT

By_____Deputy#2

APPLICANT, PRO SE § HIDALGO COUNTY, TEXAS

JAN 06 2015

## APPLICANT'S MOTION FOR
## AN ATTORNEY

TO THE HONORANLE JUDGE OF SAID COURT:

Comes Now, Valentin Moreno, Jr., Applicant pro se, in the above styled

cause and respectfully files Applicant's Motion For An Attorney. In support

there of, Applicant would present the following:

### I.

Applicant was convicted by a jury of the offense of capital murder, before

this Honorable Court. Thus, this Court has jurisdiction over all habeas corpus

matters, in this case.

### II.

Applicant respectfully asks this Court, for an attorney, for the purpose

preparing and presenting a successive writ of habeas corpus. In support of

this motion, Applicant would cite Tex. Code of Crim. Procd. art. 1.051(d)(3).

Said article states in part, (d) An eligible indigent defendant is entitled

to have the trial court appoint an attorney to represent him in the following

appellate and postconviction habeas corpus matters: (3) a habeas corpus

proceeding if the court concludes that the interest of justice requires

representation. Applicant would also cite, Trevino v. Thaler, 2013 U.S.

Lexis 3980, Martinez v. Ryan, 132 S.Ct. 1309 and Tex. Code of Crim Procd. art.

11.073, in support thereof.

Applicant understands the enormous hurdle before, which is Tex. Code of

Crim. Procd. art. 11.07 § 4(a)(2). Applicant asserts, that it reqires a

Page 1.

skilled attorney, to be able to effectively litigate in successive habeas corpus litigation. Thus, in the interest of justice Applicant respectfully asks this Court for an attorney. It is well acknowledged, that successive habeas litigation leaves no margin for error, additionally, this Court is well aware that Applicant is not educated in the law. For Applicant to be able to effectively prepare and present the newly obtained evidence, that shows Applicant's conviction was obtained by violating the constitution, Applicant needs an attorney.

## III.

In the successive application, Applicant will present forensic psychologists that have determined that the testimony the prosecution elicited from Dr. A.J. Alamia, was misleading and incorrect. The same psychologists, will also testify that the prosecution contaminated the identification testimony of prosecution witness Beatrice Trevino, with post-event information.

Also, forensic specialists in the field of optometry, will testify that the testimony and eyes identification by prosecution witness Yvonne Gonzales, was unreliable and misleading.

Additionally, certified ballistics experts will testify, that the testimony of prosecution witness Yvonne Gonzales was unreliable, misleading and false.

Applicant contends, that with the team of experts he has put together, most of which are assisting him pro bono, he will be able to show constitutional violations, (e.g., ineffective assistance and prosecutorial misconduct) that led to a miscarriage of justice due to the incarceration of someone who is actually innocent.

## IV.

Applicant respectfully request a phone-conference hearing, to be able to support the for going motion.

Page 2.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Applicant respectfully prays that this Honorable Court, grant a phone-conference hearing and Applicant's Motion For An Attorney.

Done on this 22nd day of December, 2014.

Respectfully Submitted,

Valentin Moreno Jr.
788216, Robertson Unit
12071 FM. 3522
Abilene, Texas 79601